ALFRED T. MILNER, PROSECUTOR, v. THE INHABITANTS OF THE CITY OF TRENTON AND ROBERT A. MONTGOMERY.

Argued November 12, 1900—Decided February 25, 1901.

Section 88 of the charter of the city of Trenton provides for the initiation of certain municipal improvements by common council by ordinance unless, after public notice of the intention of common council to make such improvement, the owners of one-half in running feet of the lots bordering on the highway affected shall, by a specified date, remonstrate against it. Section 77 of the charter provides that no ordinance for any improvement shall be adopted by common council until public notice shall be given in response to which written objections to the making of such improvement may be filed on or before a specified date. *Held,* that notice of the hearing required by the seventy-seventh section was not given by the publication of a single notice by which the time for filing such objections was made exactly to coincide with the date for filing remonstrances under the eighty-eighth section of the charter.

On *certiorari.*

Before Justices GARRISON and GARRETSON.

For the prosecutor, *John H. Backes.*

For the city of Trenton, *Edwin R. Walker.*

For the contractor, *William M. Lanning.*

The opinion of the court was delivered by

GARRISON, J. The question is whether the notice which follows in quotation subserved the double purpose of giving notice under the two sections of the charter of the city of Trenton that are likewise quoted. This is the notice:

"CITY OF TRENTON.

"NOTICE OF INTENTION.

"Pursuant to a resolution passed by the common council of the city of Trenton, at a meeting held June 5th, 1900, notice is hereby given that it is the intention of said common council to cause Passaic street from Calhoun street to West Hanover street to be paved with sheet asphaltum on a six-inch concrete base.

"Such persons as may object to the construction of said pavement must *present their objections in writing* on or before July 3d, 1900, to the clerk of the city of Trenton, at his office in the city hall.

"C. EDWARD MURRAY,
"*City Clerk.*

"Dated, Trenton, N. J., June 6th, 1900."

The following are, respectively, the seventy-seventh and eighty-eighth sections of the city charter:

"77. *And be it enacted,* That no ordinance shall be adopted by the common council for making any improvement or performing any work under and by virtue of the provisions of

the last preceding section of this act or either of the sub-divisions thereof, or under and by virtue of subdivisions eight and nine of section twenty-five of this act, until public notice shall be given of the intention of the common council to cause such improvement to be made or such work to be done and performed, and to that end it shall be the duty of the city clerk, by direction of the common council, to give notice in two or more daily newspapers published and circulated in the city of Trenton, for at least fifteen days, of the intention of the common council to cause such improvement to be made or such work to be done and performed, *briefly describing such work or improvement,* and requesting such persons as may object thereto, *to present their objections in writing* at the office of the city clerk, on or before a day to be specified in said notice, not less than twenty days from the time of such direction, *and at any time thereafter* the common council may proceed to consider such ordinance as aforesaid.

"88. *And be it enacted,* That if at any time the common council shall determine that any public street or alley of said city, or section of such public street or alley, *should be paved,* macadamized or flagged, *and no such application* therefor shall be presented as is provided in the next preceding section, the council may, *by resolution, passed by a majority vote of the members* thereof, direct the city clerk to give notice by advertisement in not less than two of the daily newspapers published and circulated in said city, for at least fifteen days, *of the intention of council to order* the said improvement to be made, *and unless on or before a day to be specified* in said notice, not less than twenty days from the passage of the said resolution, *the owners of one-half* in running feet of lots fronting or bordering upon said street or alley, or such section of street or alley, *shall file in the office of the city clerk their remonstrance against said proposed improvement,* then it shall be lawful for said council to order the said improvement made, as fully in all respects as is provided for in the next preceding section, upon the

application of the owners of one-half in running feet of said lots."

It is my opinion that the notice required by the seventy-seventh section was not given by the publication of the above notice, for the reason that the effect of holding such publication to be good would be to detract, in a material degree, from the judicial character of the hearing provided for by the seventy-seventh section. That the notice of hearing required by that section of the charter must be given as a condition precedent to the passage of the ordinance brought up by this writ is admitted; that the hearing so provided must be judicial in character is settled by a long line of authority. Under these conditions the ordinance is, in effect, an adjudication upon every objection laid before common council under the statute, which includes the right to present, by written objection, any matter that may tend to defeat the execution of the obnoxious power. In a case like the present, where the proposed improvement originated with common council, and not with the public or with the property holders, the statutory steps taken by council to acquire this extraordinary jurisdiction must, in the nature of things, form the most principal source of objection. To prescribe these steps is the object of the eighty-eighth section of the charter. Under this section the power of common council to initiate a public improvement is a conditional one, the condition being that half of the property owners on the street do not, by a certain day, remonstrate against it. The object of the notice required by this section is to evoke these remonstrances, and under this notice the decision of common council that half of the property owners have not remonstrated is a condition precedent to its assumption of the power it proposes to exercise. Under this statute the date of this decision is fixed by the notice. Until that date is reached no decision by common council favorable to its jurisdiction can be made, and until this is done no intelligent or efficient objection can be made to the legality of such decision or to the statutory grounds upon which it must rest. Under these circumstances an arrangement by which the date for filing objections is

made to coincide exactly with the date of filing remonstrances is, in effect, to deprive the objector of all reasonable opportunity to object to the decision that he wishes to attack, or even to know whether he wishes to attack it. It is as if a party to a suit were required to take his writ of error and to file his assignments under it not only before judgment went against him, but even before he knew what the verdict was. Upon this ground it seems clear to me that the coincidence between the two notices which results from including both of them in one notice, strips the required hearing of every element of a judicial character. And without a notice of a hearing that should possess this character there is power in council to order the improvement to be made.

It is no answer to this to say that in the present case the prosecutor was not injured by this course of procedure.

The question is one of interpretation—it is the power of council to pass the ordinance, not the propriety of passing it, that is in issue.

The conclusion to which I have come is that the notice of hearing required by the seventy-seventh section cannot be lawfully given by the same notice that calls for remonstrances under section 88. The result is that the notice under the seventy-seventh section was not given; and this being so, the ordinance was not lawfully passed, and must be set aside.